WILLIAM C. SHANLEY, JR., MARY REGIS SHANLEY, AND BERNARD M. SHANLEY, II, EXECUTORS, ESTATE OF WILLIAM C. SHANLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8452.    Promulgated June 24, 1927.

Where petitioners filed without protest on Form 1040 an itemized return of their income and voluntarily paid over one-fourth of the tax due, and where later in the same taxable year they filed a second return showing a lesser amount of income and lesser amount of tax and also filed claim for credit and abatement, and where the Commissioner determined a tax which was less than that reported in the first return but greater than that reported in the later return, *held* the Board is without jurisdiction and the proceeding is dismissed.

*Paul Armitage, Esq.,* and *Edward Halloway, Esq.,* for the petitioners.

*George G. Witter, Esq.,* for the respondent.

This proceeding was heard on its merits and on respondent's motion to dismiss on the ground that no deficiency had been determined for 1922, the year involved.

#### FINDINGS OF FACT.

The petitioners are the executors of the estate of William C. Shanley, who died December 28, 1922. In March, 1923, William C. Shanley, Jr., as executor of William C. Shanley, deceased, filed on Form 1040 with the Collector of Internal Revenue, Second District

of New York, an individual income-tax return for the decedent for the year beginning January 1, 1922, and ending at the date of the death of said decedent. In this return he reported as gross income of the decedent for said period, the sum of $121,366.14. He reported as deductions $19,372.09, and as net income, $101,994.05. He further reported as the total tax due, $26,211.22. Thereafter, and on March 19, 1923, the executor voluntarily paid to the collector $11,211.22, leaving unpaid the sum of $15,000.

On June 15, 1923, William C. Shanley, Jr., as executor, as aforesaid, filed with the Collector of Internal Revenue for the Second District of New York, an amended return on Form 1040, for the same period, in which he reported as gross income of said decedent for said period, $85,662.14; as deductions $11,354.46, and as net income, $74,307.68. He further reported as the total tax due for said period, $12,486.15. On a date not shown, he filed with the collector a claim for the abatement of the tax of said decedent in the sum of $15,000, and also a claim for credit in the sum of $2,513.85. The respondent allowed the claim for abatement to the extent of $145.61, and determined the tax to be $26,065.61. The petitioners brought this proceeding, asserting that in so far as respondent determined the tax to be in excess of $12,486.15, he determined a deficiency.

OPINION.

MILLIKEN: At the hearing of this proceeding on its merits, the respondent orally moved to dismiss the petition, on the ground that he had not determined a deficiency, but on the other hand, had determined the tax to be $145.61 less than the amount reported by the petitioners in their return filed in March, 1923. The presiding member took the motion under consideration and permitted both petitioners and respondent to present their evidence. In view of the conclusion we have reached, only the question of jurisdiction will be discussed.

The Board of Tax Appeals is a tribunal of limited jurisdiction and possesses only such powers as are vested in it by statute. *Appeal of Clois L. Greene*, 2 B. T. A. 148. Jurisdiction can not be conferred on the Board by the parties, either by their affirmative or negative action. *Appeal of Southern California Loan Association*, 4 B. T. A. 223. Since the Board has no jurisdiction other than that conferred upon it by statute, and since any finding made in a proceeding over which it has no jurisdiction would be *coram non judice*, it is the duty of the Board, even where the question is not raised by the respondent, to dismiss the proceeding on its own motion. *Appeal of Frost Superior Fence Co.*, 1 B. T. A. 1096; *Appeal of A. H. Stange*, 1 B. T. A. 810. It, therefore, becomes our duty to decide whether the Board has jurisdiction over this proceeding.

In the income-tax return filed by petitioners in March, 1923, they returned as income of the decedent, all the gross income to which he was entitled under the will of his father, Bernard M. Shanley, including so much thereof as was paid to the Empire Trust Co. as trustee under a trust alleged to have been created by William C. Shanley, Sr., and further included as deductions, certain items which they now allege should have been taken as deductions by the Trust Company. The amended return filed on June 15, 1923, eliminated these items. It is claimed by the petitioners that the first return was erroneous; that the second return was the only return that reflected the true income of the decedent, and, therefore, that any income determined by the respondent in excess of the amount shown to be due by the last return, is a deficiency, which this Board has jurisdiction to redetermine.

It should be observed at the outset that the return filed by the petitioners in March, 1923, was in no sense a tentative return. It was a full and complete return, item by item, of both income and deductions. Nor was there any accompanying protest to show that petitioners did not consider that the whole tax reported was lawfully due. They voluntarily paid at once more than the one-fourth of the tax which they were permitted to pay at the time of filing their return. There is nothing in the record which brings this proceeding within the rules laid down in *Appeal of Continental Accounting & Auditing Co.*, 2 B. T. A. 761, and *Appeal of Matteawan Manufacturing Co.*, 4 B. T. A. 953.

The question presented is governed by the opinions of the Board in *Appeal of New York Trust Co. et al., Executors*, 3 B. T. A. 583, and *E. L. Harris* v. *Commissioner*, 5 B. T. A. 1026. The facts in *Appeal of New York Trust Co., et al., Executors*, are concisely stated by the Board, as follows:

Stripped to their essential elements, the facts are: The executors made a return of income and tax thereon. Thereafter, they discovered what they insist was error in that they included an item as income which was not income. They filed claims for refund and abatement, supported by an amended return showing the income, and the tax thereon, in a lesser amount. After certain conferences were held, the Commissioner rejected the claims and determined the tax to be as reported by the executors in the returns originally filed by them.

In that proceeding it was said:

The Commissioner is now proposing to collect the exact amount shown as the tax upon the return as filed by the executors; hence, it can not be said there is a proposal to collect a deficiency in tax, as defined in section 273, above quoted.

But the executors call attention to the fact that they filed a claim for refund (of a portion of the tax paid on the return filed by them) and a claim for abatement (of the portion of the tax remaining unpaid on the return filed

by them), and that they also filed an amended return, wherein is shown the tax to be as now computed and contended for by them. They argue from this the following propositions: (1) The return of the executors should be read as a whole, including the amended return and the claims for refund and abatement filed by them; (2) a deficiency may exist in the case of an original erroneous return filed by a taxpayer; (3) the allowance by the Commissioner on March 14, 1925, of the claims of abatement and refund, on the basis of the amended return as filed by the executors, brings this case within the literal provisions of section 273(1) of the Revenue Act of 1924.

We will discuss the propositions in their order. The Board has shown, in the *Appeal of National Refining Co.*, 1 B. T. A. 236, that no provision is made for the filing of an amended return in either of the Revenue Acts of 1916, 1917, 1918, or 1921. In that appeal the Commissioner contended that, by the filing of an amended return, the taxpayer had extended the period of statutory limitation on the assessment and collection of a tax, in so far as such amended return disclosed taxes in addition to those disclosed by the original return. This contention was based on the theory that, to the extent of such additional taxes so disclosed, the amended return amounted to a limited waiver of the taxpayer to have such additional taxes determined, assessed, and collected within the statutory period running from the date of the filing of such amended return. It is unnecessary to repeat here the reasoning which led to the Board's conclusion in the opinion in that appeal. Suffice it to say that, in conformity with the decision in that appeal, the Board here holds that an amended return can not be considered such a return as may be taken by this Board as a predicate for jurisdiction of the instant appeal. *Ibid.* p. 241. To the same effect see *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517.

In support of their second proposition (that a deficiency may exist in the case of an original erroneous return filed by a taxpayer), the executors cite *Jackman's Appeal*, 2 B. T. A. 515, and *Appeal of Continental Accounting & Audit Co.*, 2 B. T. A. 761. Both are clearly to be distinguished from the instant appeal. In the *Continental Audit Appeal* the taxpayer filed a document in the form of a return, but did not purport to show *as the tax* the amounts set out in that document. At the time of filing the document referred to as the return, it annexed to it a statement or protest to the effect that no tax was due from it and that the return was not a true return of its tax liability. The Board held that the statement annexed to the return constituted a part of the return and should not be be ignored, and that, when read as a whole, the entire return showed no amount as the tax or showed the tax to be zero.

In the instant appeal, these elements are lacking. The executors filed their return and showed thereon certain amounts *as the tax*. Thereafter, they sought to revise this amount and filed an amended return, together with abatement and refund claims, for that purpose. We do not believe the situations just compared are parallel, nor that the *Continental Audit Appeal* is authority for the executors' second proposition.

In *Jackman's Appeal, supra*, the Commissioner determined a deficiency to exist. That deficiency was in accordance with the meaning defined in section 273 of the Revenue Act of 1924. As a defense to the deficiency proposed, the taxpayer set up an overpayment of taxes on its original return. It was not the alleged error in the original return which was taken by the Board as the predicate for its jurisdiction, but it was the statutory deficiency determined by the Commissioner. In line with its decision in the *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409, the Board held that it might consider the overpayment claimed by the taxpayer as a proper defense to an asserted deficiency.

*Jackman's Appeal* does not offer a parallel to the instant appeal and does not support the executors' contention here.

The third proposition argued by the executors, depends for its premise on a favorable resolution of their first two propositions and must stand or fall with them. Since we conclude that the premise is not well founded, the executors' conclusions to the third proposition must fail.

The appeal was dismissed.

*E. L. Harris* v. *Commissioner*, *supra*, presented facts which are the converse of those presented in the instant case. There the petitioner first filed a return showing a certain amount of income and tax, and in the same year filed an amended return showing a larger amount of tax. The Commissioner determined the tax to be that shown in the later return. It was held that the difference between the tax shown in the original return and that determined by the Commissioner was a deficiency, and, therefore, the Board had jurisdiction. The holding of the Board was predicated on the fact that the original return was the only return required by law and that there is no statutory authority for the making or acceptance of an amended return. That principle holds good here.

The Board is without jurisdiction and the proceeding is

*Dismissed.*