**John B. G. MESKER and Grace Mesker, his wife, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**UNITED STATES of America, Third-Party Plaintiff,**

**v.**

**A TRUST, u/w/o Frank MESKER, Dec'd, and Francis A. Mesker, John B. G. Mesker, and A. B. Kolmer, Trustees,**

**A Trust, u/w/o Pauline G. Mesker, Dec'd, and Francis A. Mesker, John B. G. Mesker, and A. B. Kolmer, Trustees, Third-Party Defendants.**

**No. 65C 356(3).**

United States District Court
E. D. Missouri, E. D.

Nov. 3, 1966.

Henry C. Lowenhaupt, Lowenhaupt, Chasnoff, Freeman & Holland, St. Louis, Mo., for plaintiffs.

Richard D. FitzGibbon, Jr., U. S. Atty., by John A. Newton, St. Louis, Mo., for defendant and third-party plaintiff.

Henry C. Lowenhaupt, St. Louis, Mo., for third-party defendants.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This is an action for the recovery of income taxes in the amount of $44,842.-90 alleged to have been overpaid by plaintiffs, for the calendar years 1960, 1961 and 1962. The suit was timely filed and jurisdiction of this court exists under 28 U.S.C.A. § 1346. The defendant filed a third-party complaint against the trust under the will of Frank Mesker, Deceased, and against Francis A. Mesker, John B. G. Mesker, and A. B. Kolmer, as Trustees, and a trust under the will of Pauline G. Mesker, Deceased, as well as against Francis G. Mesker, John B. Mesker, and A. B. Kolmer, as Trustees, third-party defendants. The facts have been stipulated and are not in dispute. Accordingly, the stipulation of facts and statement of the case as agreed to by the parties are adopted as the findings of fact herein.

Decedents, Frank Mesker and Pauline Mesker, husband and wife, died testate in October 1952. Plaintiffs John B. G. Mesker and Grace Mesker are the son and daughter-in-law of the two decedent testators. By their respective wills, the decedents created basically identical tes-

tamentary trusts dispositive of one-half of the residue of their respective estates. The other half of their respective estates was disposed of by separate trusts which are not involved in this proceeding. The relevant portions of the wills contain the following provisions:

"(b) Upon the death of my said son * * * unless my son shall have otherwise directed pursuant to the powers hereinafter given to him, the trustees shall * * *

(c) Notwithstanding any provisions hereinabove to the contrary, my said son * * * shall have the following powers with respect to the property given, * * *.

(1) During his lifetime, he may direct the trustees * * * to pay to his wife * * * the entire net income of the said trust estate, thereafter received by said trustees, * * *".

The trustees of the aforesaid trusts were John B. G. Mesker, Francis A. Mesker (brother of John B. G. Mesker) and A. B. Kolmer (an employee of Mesker Bros. Iron Co.).

Fiduciary Income Tax Returns, Form 1041, were filed by the trustees for the years 1960, 1961 and 1962. The gross income of the trusts was reported on the fiduciary returns and the taxes thereon were paid.

The Commissioner of Internal Revenue determined that plaintiff, John B. G. Mesker, held a power exercisable solely by himself, in an individual capacity, to direct the trustees to pay the entire net income of the trust estates to his wife, Grace Mesker, and therefore adjusted plaintiffs' taxable income by including therein the income otherwise taxable to the trusts. Internal Revenue Code of 1954, § 678(a), Treasury Regulations on Income Tax, § 1.678(c)–(b). Accordingly, additional income taxes together with interest were assessed by the Commissioner, and paid by plaintiffs on May 18, 1964.

On June 1, 1964 plaintiffs filed claims for refund for the amounts paid. The claims were denied in notice of disallowance mailed September 27, 1964, whereupon the present suit for refund was filed by plaintiffs. On June 30, 1964, without any claim therefor having been filed by the Trustees, the defendant made refunds to the Trustees of the taxes paid by the Trustees for the years 1960, 1961 and 1962.

The issue of law to be decided in this case is whether the income derived from the trusts created by the wills of Frank Mesker and Pauline G. Mesker should be included in the taxable income of the plaintiff, John B. G. Mesker, because of the special power he has under the wills to direct distribution of income of the trusts to his wife.

The parties agree that plaintiff, John B. G. Mesker, at no time exercised his power to direct the distribution of income of the trust to his wife. Likewise, it is clear plaintiff at no time renounced the power, granted by the wills to distribute the income of the trust, to his wife, children or grandchildren. It is also agreed that defendant made no attempts to have the income from the trusts included in the income of plaintiffs for income tax purposes at any time from the inception of the trust to 1960.

Defendant maintains that Section 678, Internal Revenue Code of 1954, and the regulations thereunder support their positions. To the extent applicable they read as follows:

Internal Revenue Code of 1954:

"Section 678. Person other than grantor treated as substantial owner

(a) General rule.—A person other than the grantor shall be treated as the owner of any portion of a trust with respect to which:

(1) such person has a power exercisable solely by himself to vest the corpus or the income therefrom in himself, * * *

* * * * * *

(c) Obligations of support.—Subsection (a) shall not apply to a power

which enables such person, in the capacity of trustee or co-trustee, merely to apply the income of the trust to the support or maintenance of a person whom the holder of the power is obligated to support or maintain except to the extent that such income is so applied. * * * "

Treasury Regulations on Income Tax (1954 Code):

"Section 1.678(a)–1 Person other than grantor treated as substantial owner; general rule.

* * * * * *

(b) Section 678(a) treats a person as an owner of a trust if he has a power exercisable solely by himself to apply the income or corpus for the satisfaction of his legal obligations, other than an obligation to support a dependent (see § 1.678(c)–1) subject to the limitation of section 678(b). Section 678 does not apply if the power is not exercisable solely by himself. However, see § 1.662(a)–4 for principles applicable to income of a trust which, pursuant to the terms of the trust instrument, is used to satisfy the obligations of a person other than the grantor."

"Section 1.678(c)–1 Trusts for support.

* * * * * *

(b) The general rule in section 678 (a) (and not the exception in section 678(c) is applicable in any case in which the holder of a power exercisable solely by himself is able, in any capacity other than that of trustee or cotrustee, to apply the income in discharge of his obligation of support or maintenance".

To sustain defendants' position it is necessary to demonstrate that John B. G. Mesker has the power exercisable solely by himself to vest the income of the trust in himself. This would be true only if he had the power to apply the income of the trust for the satisfaction of his legal obligation to support his wife.

■■ The rule in Missouri was well stated by Judge Walker in the case of In re Woods Estate, 288 Mo. 588, 232 S.W. 671, "A husband's prime and paramount duty, which begins with the marital relation and ends with its severance, is to support and maintain his wife in such a manner as is consistent with his situation and condition in life."

■■ That plaintiff John B. G. Mesker had the power under both trusts (a power which was never exercised) to have the trustees *pay* the entire net income *to* his wife is, of course, unquestioned. Nevertheless, had he taken such action it would not have relieved him of the obligation of support of his wife imposed by Missouri law. Stated otherwise, had plaintiff John B. G. Mesker exercised the power vested in him by the wills, viewed in the light of its legal effect, it would not have lessened to any extent the obligation imposed upon him to support and maintain his wife.

A related question was considered in Shanley v. Bowers, 2 Cir., 81 F.2d 13, wherein it was ruled that the trust income was not taxable even to the *grantor* of the trust by reason of its being payable to his wife. In that case the court said:

"But the trust instrument says nothing about discharging such marital duty, nor is there any outside evidence of the settlor's intention to do so. Certainly a man must be able to make his wife a gift, if he wishes, without affecting his marital duty. No authority has been cited for the theory that every gift by a husband to his wife must be presumed to be in discharge of it. Nothing short of this will suffice to sustain the contention in the case at bar."

So, too, in the present case, the testators had the right to make a gift to the wife, with the husband acting as their agent, without thereby affecting the husband's marital duty of support.

Plaintiff John B. G. Mesker, individually, had no power under the terms of the trust either to *apply* the trust income for the support of his wife or to direct the trustees so to do. The only authority he had was to direct the trustees to *pay* the income, *unconditionally*, to his wife,

*for her to spend as she saw fit.* The language employed by the testators, permitting plaintiff to direct the trustee to pay the income of the trusts *to his wife* does not, under any reasonable construction, empower him to apply such payment in discharge of all or any part of his obligation to furnish his wife with support consistent with his financial condition and regardless of her financial situation. Nothing in the language of the trusts evidences an intent to make a gift to the *husband,* who alone would be legally benefited if he could apply the trust income to the support of his wife in lieu of expending his own funds. The trusts contemplate only an unconditional gift to the *wife* at the discretion of the husband.

Under the stipulated facts in this case the Court finds and concludes that plaintiff John B. G. Mesker does not have the power exercisable solely by himself to apply the income of the trusts in discharge of his legal obligation to support his wife. It is the further conclusion of the Court that such plaintiff does not have the power, exercisable solely by himself, to vest the trust income in himself.

The third party complaint is properly before this Court by reason of Sections 7401 and 7405, Internal Revenue Code of 1954.

In view of our finding on the case in chief we find that the third party plaintiff is entitled to recover the taxes refunded to the trusts which said third party defendants had paid for the years 1960, 1961 and 1962.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law.

The Clerk is hereby directed to enter judgment in accordance with this memorandum opinion in favor of plaintiffs and against defendant on Counts I, II and III of the complaint in the amounts prayed for together with interest thereon, and to enter judgment in favor of third party plaintiff against third party defendants in the third party complaint in the amount prayed for together with interest thereon, all at the costs of defendant to the extent permitted by law.