## LOUISVILLE COOPERAGE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5666.

Circuit Court of Appeals, Sixth Circuit.
Feb. 13, 1931.

Elwood Hamilton, of Louisville, Ky. (H. J. Graham and Woodward, Hamilton & Hobson, all of Louisville, Ky., on the brief), for petitioner.

S. Dee Hanson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and

Sewall Key, C. M. Charest, and Dean P. Kimball, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

■ Petition by Louisville Cooperage Company to review a decision of the Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in assessing, on redetermination, a deficiency in income taxes for the year 1920 in the sum of $1,090.68. Petitioner has been engaged since 1902 in the manufacture and sale of barrel staves, heading, kegs, and barrels. For the taxable year 1920 it took its closing inventory on December 31, 1920. This inventory according to proper practice was taken at cost or market, whichever was lower (Revenue Act of 1918, c. 18, § 203, 40 Stat. 1060, Treas. Reg. 45, 1920, and Articles 1581, 1582 and 1584, thereunder), and aggregated $462,258.50. The return based thereon was filed on March 15, 1921. On September 18, 1922, petitioner filed an amended return showing the value of its inventories as of December 31, 1920, at $330,-253.93, or a reduction of $132,004.57. Petitioner insists that its original inventory was overstated for lack of information of market values at the time it was made; that the commissioner should have accepted the amended inventory in which event an overpayment instead of a deficiency would have resulted. The commissioner declined to recognize the revised inventory as correct. He was prima facie right and the taxpayer carried the burden of convincing the Board of Tax Appeals to the contrary. Botany Worsted Mills v. U. S., 278 U. S. 282, 290, 49 S. Ct. 129, 73 L. Ed. 379; Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184; Austin Co. v. Com'r, 35 F.(2d) 910, 912 (C. C. A. 6). See also Lucas v. Kansas City Structural Steel Co., 281 U. S. 264, 271, 50 S. Ct. 263, 74 L. Ed. 848.

■ We do not find any sufficient basis for concluding that the revised inventory was more nearly accurate than the original. We are not concerned with kegs and barrels. The new inventory dealt only with staves and heading. The item of heading may be disposed of by the observation that petitioner sold heading each month during the year 1920; that it sold 43,407 sets at an aggregate price of $54,795.21; that of this number it sold in December 19,986 sets at $22,928.95. We think petitioner cannot therefore consistently say that it was on December 31, 1920, unacquainted with the market for heading. The proposition that these sales of heading were upon contract rather than at the market price is not supported by satisfactory evidence. The item of staves rests upon a somewhat different footing. Petitioner sold no staves in 1920. It insisted that there was no market and therefore no reliable basis upon which to then determine market value. The market began to decline about November 1, 1920, and its trend was downward until about the middle of 1921. By December 31, 1920, it was uncertain, but it cannot be said that there was at that time no market at all. Petitioner introduced two witnesses, manufacturers and dealers in barrel staves and heading, and while they testified to the demoralized condition of the stave market in December, 1920, and stated generally that there was no market, yet they both state that staves were being sold at that time, although neither of them disclosed the selling prices. The inventory of December 31, 1920, was taken by the office employees of petitioner under the supervision of J. N. White, its president. White was a practical cooperage and stave man; he had been in business thirty years and had kept in close touch with market conditions. He fixed the prices on the articles in the inventory taken in 1920; he based these prices upon quotations at which other manufacturers were offering to sell similar articles and at which he was trying to sell. Although the market was at that time confused and uncertain, yet he had detailed information as to the situation actually existing and based the inventory prices upon his experience and best judgment.

Finally, we conclude that the probative effect of petitioner's evidence as a whole is to indicate the decline in prices upon its products subsequent to the inventory on December 31, 1920, rather than the essential market values upon that date.

Finding no sufficient reason for rejecting the finding of the Board of Tax Appeals, its decision is affirmed.