MARY E. WENGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92245. Promulgated June 26, 1940.

*A. W. Wenger, Esq.*, for the petitioner.
*A. R. Carnduff, Esq.*, for the respondent.

226

**OPINION.**

Leech: Respondent contends that the income of the trust is taxable to the petitioner under the provisions of sections 166 and 167 of the Revenue Act of 1934.[1]

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor ; or

On brief petitioner contends that respondent has raised new issues in his brief because no mention was made of section 166 and section 167 (a) (1) of the 1934 Act in the notice of deficiency, or in respondent's answer. A similar contention was made and decided against the petitioner in *Raoul H. Fleischmann*, 40 B. T. A. 672, 681. It was there said:

\* \* \* The Board has said many times that the real question for decision is the correctness of the action of the Commissioner and not the correctness of the reason which he assigned in his notice of deficiency. \* \* \* [Citing cases.] Here he included the income of the trust in the income of the petitioner and still insists that that income was properly included in the income of the petitioner. He merely assigns a new reason for his action. The burden of proof does not shift under such circumstances although such a delayed reversal of reasoning is unfortunate and might justify a further hearing if the petitioner claimed surprise and desired to introduce further proof to meet the change. \* \* \*

In our opinion the issues framed by the pleadings in the instant proceeding are broad enough to raise the question of whether the income of the trust is or is not taxable to petitioner under the provisions of either section 166 or 167. In the petition the following errors on the part of the Commissioner, among others, are set out:

(a) In determining, as a matter of law, that said trust instrument of January 3, 1932, created merely a revocable trust, and that the entire income from the trust property was lawfully chargeable to the petitioner for the several years in controversy.

(b) In determining, as a matter of law and fact, that under the provisions of said trust instrument the petitioner is to be regarded as having remained, in substance, the owner of the entire corpus of the trust property by reason of the fact that she had retained power to revest the entire corpus in herself.

(c) In determining, as a matter of law and fact, that the petitioner is chargeable with all the net income from said trust estate, although the trustee and his successors is vested with the discretion of determining the time and amount of any distribution of income, and that only upon the occurrence of an act of God or the visit of a calamity, causing serious damage or injury to the petitioner, could she receive under said trust agreement more than one-half of the net income of the trust.

In the answer of the respondent it is admitted that he held the

---

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

entire income from the property covered by the trust instrument to be taxable to petitioner for the taxable years. The allegations of error set forth in paragraphs (a), (b), and (c) above were denied. Thus the issues, as framed, are in substance whether the income of the trust may be included in petitioner's income under either of the sections.

It is quite clear, we think, that one-half of the income of the trust for each of the two years is taxable to petitioner under section 167 in view of the provisions of paragraph G (3) of the trust instrument empowering the trustee in any year to distribute to her that proportion of the trust income if in his judgment it would be advisable to make such distribution. It is shown that since the creation of the trust the income has been accumulated and added to corpus and the trust estate is enhanced by these accumulations. It is thought too clear to necessitate discussion that in both of these years the trustee, who is without adverse interest (*Reinecke* v. *Smith*, 289 U. S. 172), possessed the power to make such distribution and consequently to that extent the trust income is taxable to petitioner.

However, respondent contends that the provisions of paragraphs G (1) and (2) of the trust instrument, under which the trustee possesses, under certain conditions, the power to distribute to petitioner both the current and accumulated income and corpus of the trust, require the taxing to petitioner under both sections 166 and 167 of all of the trust income in each year before us.

Paragraph G of the trust instrument gives the trustee the power to distribute to petitioner the income of the trust and, if necessary, the corpus to the extent required to meet and relieve the situation if:

(1) Any accident, sickness, calamity, misfortune, adversity, bereavement or loss, financially or otherwise, shall visit, overtake or befall her, and

(2) She makes a written request upon him for relief.

Petitioner contends that these provisions constitute substantial conditions precedent to the exercise of a power by the trustee to distribute income or, if necessary, the corpus to petitioner and that until these contingencies arise no such power exists. *Henry A. B. Dunning*, 41 B. T. A. 1101.

Clearly, the second condition, a mere necessity for a written demand from petitioner for payment, is not such a condition. The power to effect the distribution under that condition would be wholly within the control of the grantor and the trustee and the latter is without adverse interest. *Reinecke* v. *Smith*, *supra*. If a request by the grantor was all that was required to give rise to the trustee's power to distribute, then the trust would, we think,

obviously fall literally within the provisions of both sections 166 and 167.

It remains to be considered whether the first condition presents substantial, definite contingencies the occurrence of which are beyond the control of petitioner or the trustee. See *Henry A. B. Dunning, supra.* In this connection it may be said that, if it be admitted that the occurrence of one of the various contingencies there set out is necessary to the exercise of the power, petitioner has not established the fact that no one of them has occurred during each of the years before us. One condition only is established by the record, that petitioner in neither year made a written request to the trustee for distribution. This fact alone does not give rise to the presumption that none of the specified events occurred. Petitioner is a woman with a large estate. For all we know, she may have had losses in her investments in each year exceeding the current income of the trust, which she had the right to recoup by a request for distribution by the trustee but has voluntarily refrained from doing so. The burden of proof is upon petitioner and under identically similar conditions we held in *Lewis Hunt Mills, Administrator,* 39 B. T. A. 798, that the petitioner there had failed to show error in respondent's determination.

However, in our opinion, it is unnecessary to resolve the issue here upon the ground of failure of proof. The so-called contingencies, "any accident, sickness, calamity, misfortune, adversity, bereavement or loss, financially or otherwise", the occurrence of one of which gives rise to the right to call for distributions from the trust, are so broad and all-embracing that the use and enjoyment of the income and, if necessary, the corpus by petitioner, is, for practical purposes, almost as complete as if she had retained title to the property. Petitioner has merely set aside in the hands of a trustee an amount of her excess capital to be held and accumulated as a protection to herself and her children against a "rainy day." These named contingencies permit her, if she cares to do so, and secures the acquiescence of the trustee, to cause the expenditure of the income, and if necessary the corpus, for the needs for which she would normally have used and expended the property had no trust been created. The income and, if necessary, the corpus are subject to use upon her call, within the discretion of the disinterested trustee, for payment of her doctors' and hospital bills, the recoupment of any personal loss sustained in her investments or to relieve and compensate for practically any happening adverse to her interest which might occur. Its use is in no wise limited to compensation for losses or deprivations which her own personal resources are

unable to meet, nor limited to financial losses. Personal bereavements or misfortunes of any kind throw the door open to calls by petitioner for distributions and leave no obstacle between her and the enjoyment of both income and corpus except the exercise of discretion by a trustee without adverse interest.

Conditions as broad and all-embracing as those set out in paragraph G do not constitute, in our opinion, definite events which may or may not occur. Experience convinces us that the normal life of any individual, no matter how protected, sheltered, and circumstanced, contains in every year some occurrence or event which would fall within one of the conditions described. And this is especially true of one in the position of this petitioner, possessing large private means and with the responsibilities and activities which this condition entails. Thus, whether petitioner actually calls upon the trustee for distribution to her, we can not conceive of any year in which the right to make such a call would not exist and there be, consequently, the power in her in conjunction with the trustee to cause the distribution to her of all of the income and corpus.

We conclude that the income of the trust for the two years before us is taxable to petitioner under both sections 166 and 167.

The remaining issue is whether the losses shown in our findings may be deducted from the income of the trust in determining the amount which the trustee might have distributed to petitioner.

Respondent contends that they were "corpus losses" which merely reduce the amount of corpus which will ultimately go to the remaindermen and therefore are not deductible in computing the income taxable to petitioner. We think he is concluded in this contention by *Blanche G. Penn*, 39 B. T. A. 787, the decision in which was predicated on the applicability of section 166. This conclusion, of course, permits the deduction of a loss of $2,970 in connection with the worthlessness of preferred stock which, we have found, became worthless in that year.

The two losses on the properties at 1260 and 1400 West Winchester Avenue were treated by the trust as capital losses sustained upon a sale or exchange. Petitioner now contends that these were ordinary losses in that they were bad debts then ascertained as worthless and charged off and were thus deductible in their full amount. The loss on the property at 1400 West Winchester Avenue was sustained in a transaction in which the trust accepted, in settlement of its mortgage debt, Home Owners' Loan Corporation bonds in a lesser amount. We think the resulting loss is ordinary and thus deductible in full in the return for 1934. *Hale* v. *Helvering*, 85 Fed. (2d) 819; *James R. Stewart*, 39 B. T. A. 87; *Charles T. Carlson*, 39 B. T. A. 185. As to the other loss, no exchange was involved. The

trust held a second mortgage and land contract. The first mortgagee foreclosed and took the property. The trust released nothing and received nothing. The mortgage debt upon the happening of this event became worthless in its hands. We agree with petitioner that this was also an ordinary loss as a bad debt then ascertained to be worthless and charged off and deductible in its full amount. *J. C. Hawkins*, 34 B. T. A. 918; affd., 91 Fed. (2d) 354.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Tyson and Hill dissent.

---

Mellott, dissenting: I agree that one-half of the income of the trust, less any capital or ordinary losses sustained, is taxable to petitioner under section 167 of the Revenue Act of 1934. It is difficult to reconcile the holding of the majority, that all of it is taxable to her under section 166 of the same act, with the holdings made in such cases as *Corning* v. *Commissioner*, 104 Fed. (2d) 329; *John Edward Rovensky*, 37 B. T. A. 702; *Helvering* v. *Wood*, 309 U. S. 344 (Feb. 26, 1940); *Daisy Christine Patterson, Executrix*, 36 B. T. A. 407; *Henry A. B. Dunning*, 41 B. T. A. 1101; and *Edna B. Elias*, 41 B. T. A. 1109.

But even if the majority be correct in holding that the power to effect a distribution is wholly within the control of the grantor, a view which I do not share since I think the restrictions upon the exercise of it have real substance, still the conclusion that the income is taxable to the grantor under section 166 seems to be erroneous. She is taxable with the income of the trust under that section only when the "power to revest in * * * [herself] title to any part of the *corpus* is vested" in her alone, in her in conjunction with any person not having a substantial adverse interest, or in any person not having a substantial adverse interest. The provision of the trust instrument relied upon by the majority authorizes only "Distributions from the *income* of the Trust Estate." When this provision is read in conjunction with sections B and C of the trust instrument, shown in the stipulation of facts but not set out in the findings above, it is difficult to understand how the majority can spell out a power in the grantor to revest the corpus in herself. The holding of the majority seems to be predicated upon the assumption that a subservient trustee would distribute corpus to her whenever requested. It may be pointed out, however, that, no matter how subservient he be, he could only encroach upon the corpus when the income of the trust should be insufficient "for the

purposes set forth and the gravity of the situation demands that the aid be furnished"—a situation which did not exist during the taxable years, when the income of the trust was $11,323.93 and $15,395.70, respectively.

Being of the opinion that petitioner is taxable upon but one-half of the income of the trust for the taxable years, I respectfully note my dissent.