*855 OPINION.
Tyson :
Under the, facts in the instant proceedings it is clear that sections 166 and 167, supra, have no application unless the above quoted paragraph 10 of each of the trust agreements has vested in the trustee, as a person not having a substantial adverse interest, the power to re-vest in the petitioners, as grantors, any part of the corpus of their respective trusts, or the income therefrom, or, the discretion to hold and accumulate any part of the income of the respective trusts for future distribution to the petitioners as grantors.
Under the provisions of that paragraph 10, it is only in the event that trust income currently distributable to each petitioner, together with her other income, should be insufficient to properly provide for the support and maintenance of herself and her dependents or for their benefit that the trustee alone, “in its sole discretion”, is empowered to make any payments out of the “principal” of the trusts to the petitioners, respectively, and then only in such amount as may be required to make up such insufficiency.
*856 The record discloses that very substantial amounts of trust income have been distributed to each of the petitioners during each year, from the creation of the trust up to the end of the year 1936, and that the contingency provided for in paragraph 10 of the trust agreements has never arisen.
In Lewis Hunt Mills, Administrator, 39 B. T. A. 798, the Board had under consideration the effect of a provision in a trust instrument similar to that contained in paragraph 10 in the trust instruments in the instant proceedings. In that case, after reviewing numerous cited authorities, the Board held that the limited power of the trustee to distribute any portion of the trust corpus to the grantor did not vest and was no power at all until and unless there occurred the contingency upon which such power could be exercised. In that case, however, since the taxpayer failed to adduce proof to contradict the occurrence in the taxable year of the contingency upon which the trustee’s power to revest corpus depended, the Board held that the taxpayer had failed to establish error in the respondent’s determination that the entire trust income was taxable to the grantor, under section 166 of the Revenue Act of 1934.
In the instant case it is clearly established that the contingency had not occurred in any of the taxable years here involved. Thus, in those years, there was no power vested in the trustee of the two trusts to revest any part of the corpus of the trusts in either of the petitioners, or to make future distributions to them of accumulated trust income, John Edward Rovensky, 37 B. T. A. 702; cf. Percy M. Chandler, 41 B. T. A. 165, 175; nor was there such a power vested in any other person. The case of Mary E. Wenger, 42 B. T. A. 225, is distinguished from the instant case in that there the terms of the trust instrument providing for an invasion of trust corpus and accumulated income were so broad that they reserved to the grantor, in conjunction with a disinterested trustee, the power to revest in the grantor both the income and the corpus of the trust. Here a reasonable construction of the trust instrument in its entirety — as it must be construed — leads to the contrary conclusion, which has been reached.
On the first issue we hold that the respondent erred in his determination as hereinbefore set forth. This conclusion obviates the necessity of considering the second, or alternative, issue.
Reviewed by the Board.

Decision in each proceeding will he entered under Rule SO.