## LENOX CLOTHES SHOPS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9353.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1943.

 

Bernard Buchholz, of Detroit, Mich. (Max H. Field, of Detroit, Mich., on the brief), for petitioner.

Newton K. Fox, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Samuel H. Levy, and William A. Clineburg, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

The corporate petitioner operates a retail clothing store at Detroit, Michigan. A portion of its sales are for cash and a portion on the installment plan, or conditional sales contracts. Petitioner, in its income tax return for the calendar year 1936, in answer to a question on the tax form, stated that it valued its inventories at cost. For the calendar year ending December 31, 1937, petitioner, in making its income tax return, reduced its closing inventory $6,741.31 below cost, which was a flat reduction of fifteen percent. On December 31, 1937, petitioner credited on its books to its president, C. R. Murphy, the sum of $4,500 which it claimed was unpaid salary. It had paid Murphy during the year $1,500. On March 1, 1938, petitioner gave Murphy a promissory note of $4,500 and credited accounts payable $4,500 and debited notes payable $4,500. On July 1, 1938, petitioner delivered to Murphy $4,500 par value of its stock in settlement of this note. Murphy reported the $4,500 in his individual income tax return for the calendar year 1937. Respondent disallowed the reduction in inventory as a loss on the ground it was prohibited under Section 22(c) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 22(c). He disallowed the salary accrual of $4,500 as a deduction on the ground that the entry on petitioner's books was tentative and that it was not an allowable deduction within the purview of Regulations 94, Article 22(a)-3, and also that Murphy was taxpayer's controlling stockholder and that as the salary was not paid within two and one-half months after the close of the tax year, the deduction was prohibited under Section 24 (a) of the Revenue Act of 1936, as amended by Section 301(a) of the Revenue Act of 1937, 26 U.S.C.A. Int.Rev.Code § 24(a). The Board of Tax Appeals (now the United States Tax Court) sustained the Commissioner, rejecting the inventory writedown on the ground that petitioner had elected

to value its inventories at cost and that the salary credit was an unallowable deduction because petitioner had failed to prove that the services were rendered at a stipulated price as required under Regulation 94, Article 22(a)-3.

Section 22(c) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, Internal Revenue Code, 26 U.S.C.A. § 22(c) provides that whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe, conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income. Pursuant to statutory authority, the Treasury Department promulgated regulations that taxpayers were given the option to adopt the basis of either (a) cost or (b) cost or market, whichever is lower, for their 1920 inventories. The basis adopted for that or any subsequent year is controlling and a change can be made only if permission is secured from the Commissioner (Treasury Regulations 94).

The requirement that the method of valuing inventory assets be consistent is basic. It is clear that in order to reflect true income there must be consistency in the method from year to year. The closing inventory at the end of one year is the opening inventory for the succeeding year and if a taxpayer is on one method at the beginning of the year and closes with another method, it would be a coincidence merely, if his true income is reflected.

█ Petitioner admits it used cost in valuing its inventory at the end of the tax year 1936, but it argues that cost at that time was lower than market and that it used market December 31, 1937, but insists that as of that date market was lower than cost and that the facts must be viewed as though it had followed the method of cost or market "whichever is lower." The statute provides for the selection of a method of inventory valuation and, whether or not petitioner made a choice by its answer to the interrogatory on its income tax return, it is clear that it did make a selection by the method it in fact adopted in valuing its inventory at the close of 1936 and the conclusion is inescapable that under the statute, petitioner is bound by its own selection. Mother Lode Coalition Mines Co. v. Helvering, Commissioner, 317 U.S. 222, 226, 63 S.Ct. 179, 87 L.Ed. ——. Aside from the question of petitioner's irrevocable selection of a method its petition must fail for another reason. The taxing statute relating to inventories gives a broad discretion to the Commissioner to determine the proper method of valuation and also the application of the method. The burden rests on the taxpayer to prove that the Commissioner's action was arbitrary or an abuse of discretion. Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 271, 50 S.Ct. 263, 74 L. Ed. 848; Louisville Cooperage Co. v. Commissioner, 6 Cir., 47 F.2d 599. Petitioner has failed to carry this burden.

█ Respondent insists that the accrued salary deduction should be disallowed because not actually paid within two and one-half months after the close of the taxable year as required under Section 24(c) (1) of the Revenue Act of 1936, as amended by Section 301(a) of the Revenue Act of 1937, Internal Revenue Code, 26 U.S.C.A. § 24(c) (1). As we view the record, this question is not before us. Before Section 24(c) (1) is applicable, the credit must have been made to the owners of more than fifty percent of the taxpayer's voting stock.

The Board of Tax Appeals stated there was no evidence in the record showing how much of the stock of the petitioner, if any, Murphy or his family owned, and that because of this lack of evidence, it did not rest its decision disallowing the salary deduction on the ground that the sum claimed had not been paid within two and one-half months after the taxable year.

The proceedings here foreclose us from deciding the facts no matter how clearly they may be disclosed by the record. General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 207, 56 S.Ct. 185, 80 L.Ed. 154; Hormel v. Helvering, 312 U.S. 552, 560, 61 S.Ct. 719, 85 L.Ed. 1037; Commissioner v. Goulder, 6 Cir., 123 F.2d 686. The Board rests its decision solely on the ground that petitioner had not established the essential facts from which an allowable deduction could be determined. Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991; Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385; Wilcox v. Commissioner, 6 Cir., 119 F.2d 899.

Section 23(a) (1) of the Revenue Act of 1936, Internal Revenue Code, 26 U.S.C.A. § 23(a) (1), provides that in computing net income there shall be allowed as deductions all ordinary and necessary expenses paid or incurred in carrying on any trade or business, including "a reasonable allowance for salaries or other compensation for personal services actually rendered." An identical provision has been in all Revenue Acts since the Act of 1918, the interpretation of which has led to three concrete rules for determining salary deductions: (1) Is the payment in fact salary or other compensation; (2) Have personal services been actually rendered, and (3) Is the payment reasonable or unreasonable when measured by the amount in quality of the services performed with relation to the business of the particular taxpayer. Merten's Law of Federal Income Taxation, vol. 4, § 2544. Where the Commissioner disallows a deduction, the taxpayer has the burden of going further than merely proving the Commissioner was in error. He must establish the facts from which an exact determination of the deduction may be made. Burnet v. Houston, supra.

In the case at bar, petitioner's president, Charles R. Murphy, was the only witness who testified on the question of salaries. He was asked: (1) Whether there was any agreement between him and the corporation as to the amount he was to receive. His answer was "not on the records, no." (2) Whether, according to the records, he was paid $1,500 compensation in 1937 and how it was paid, whether at the rate of $125 a month. His answer was "I can't tell you that. It was credited to my account. The books will show that." If nothing else appeared in the record, the decision of the Board that petitioner failed to carry the burden of proof would be correct. However, during the testimony of Murphy, the trial member interrupted and asked counsel for the respondent, "May I ask at this time what is the Government's reason for disallowing the deduction of the full $6,000.00? Is it because it is unreasonable in amount?" Counsel answered, "The disallowance relates to only $4,500.00 of that and it is because the amount wasn't paid either during 1937 or the first two and one-half months of 1938." The member then interpolated, "That is stated in accordance with the regulation," and counsel responded, "Yes, see Article 23(a)-3 of Regulations 94." The member then stated, "If the statute permits the deduction of a reasonable amount of compensation of employees for services actually performed. It is the Government's position that if the unpaid balance of a reasonable amount is not paid before March 15th of the following year, it is not deductible?" There was then discussion between the member and counsel as to the basis on which the petitioner reported its income and the member said: "Well, it seems to me we have a question of law here. The Government, as I understand it, is not contending that if a salary of $6,000.00 had been paid in cash to Mr. Murphy that that would not be unreasonable in amount." To which counsel replied, "No indeed." The member then stated, "My present thought is that the salary item should be allowed, but I don't see that there is anything in the regulation that would warrant me in disallowing it in view of the plain words of the statute. I think we have here only a question of law. It is a question of the interpretation of the law and regulation."

It may be seen from the foregoing that after the Board had acquired complete jurisdiction of the cause and the trial had actually begun counsel for respondent orally stipulated with the Board that all of the essential requirements for the salary deduction were present except the fact that the salary had not been paid within two and one-half months after the close of the taxable year.

We gather from the record that respondent was represented by able counsel and under such circumstances respondent is required to observe the admissions and stipulations of counsel of record during the trial of a case, just as counsel for any other litigant.

It is well settled that, short of a compromise of a client's claim or a confession of judgment, the authority of counsel extends generally to all the ordinary incidences of litigation and embraces all agreements, stipulations and admissions appertaining to the conduct of cases through trial tribunals. Oscanyan v. Arms Co., 103 U.S. 261, 263, 26 L.Ed. 539; Shanley v. Bowers, 2 Cir., 81 F.2d 13; Clark & Wilson Lumber Co. v. McAllister, 9 Cir., 101 F.2d 709.

The statements of respondent's counsel cannot be read otherwise than as a concession that the salary credited to peti-

60

tioner's president was deductible but for the fact that it was not paid within two and one-half months of the close of the tax year.

Petitioner's counsel, in his opening statement at the hearing in referring to matters in controversy, said: " * * * the other being salary item paid to owners of more than fifty percent by note not paid in cash prior to March 15th but paid by note which note was subsequently turned in for capital stock." The record boils down to the fact that counsel for petitioner conceded that the recipient of the salary credit was petitioner's controlling stockholder and counsel for respondent conceded that the payment was in fact salary or other compensation for personal services actually rendered and that the sum was reasonable.

■ In tax cases the burden of proof is measured by the deficiency letter. Whatever grounds are stated by the Commissioner as the base for the additional taxes must be overthrown by the taxpayer and the oral testimony must remain in the niche in which it is placed by the pleadings, admissions and concessions of counsel for the respective parties which amplify or restrict it.

■ We conclude that the statement of petitioner's counsel removed from the case any question as to the controlling stock ownership of the petitioner, but whether this be true or not the burden rested on petitioner to prove that the stockholder to whom the salary credit was made was not in fact its controlling stockholder because the Commissioner in his deficiency letter had disallowed the deduction on that ground. We also conclude that the concession of respondent's counsel removed any issue from the case as to the salary deduction, except whether or not it was unallowable because of the provisions of Section 24(c) (1) of the Revenue Act of 1936, as amended by Section 301(a) of the Revenue Act of 1937, Internal Revenue Code, 26 U.S.C.A. § 24(c) (1).

■ The Tax Court erred in failing to give due weight to the concessions and admissions of the respective attorneys made and rulings of the trial member in the course of the hearing. It is not our province on this review to determine the deductibility of the salary item claimed by petitioner under Section 23(a) (1) of the Internal Revenue Code or whether it is unallowable under Section 24. Both matters are primarily determinative by the facts and are for administrative decision. Commissioner of Internal Revenue v. Newberry L. & C. Co., 6 Cir., 94 F.2d 447; Commissioner v. Goulder, supra.

The decision of the Board, insofar as it disallows petitioner's loss by reason of reduction in inventory, is affirmed. The decision, insofar as it disallows deduction of salary compensation, is reversed and the cause remanded to the United States Tax Court with leave to either party to introduce additional evidence and for other and further proceedings consistent with this opinion.