BARD-PARKER COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19845.   Promulgated September 30, 1952.

*Stanley Worth, Esq.*, for the petitioner.
*M. L. Sears, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* Before proceeding to the principal issue we would first observe that petitioner's objection to the pleadings is not well founded. The rules of the Court do not require respondent to plead affirmatively in his answer, his reasons for disallowing the par value of petitioner's common stock as equity invested capital. Moreover, if, at the hearing or on brief a different reason is relied on than is found in the notice of deficiency or other communications, the petitioner is without basis for objection if surprise is disclaimed by the petitioner and if the facts relied upon are in the record. *Standard Oil Co.,* 43 B. T. A. 973, affd. 129 F. 2d 363. The petitioner disavowed surprise at the hearing, and the facts upon which the respondent predicates his argument are of record.

It is petitioner's position that it is entitled to include in its equity invested capital under section 718 (a) (2) of the Internal Revenue Code,[1] $1,550,000 as the value of property purchased by the issuance of its common stock of par value of that amount. Equity invested capital, under the terms of the statute, includes property previously paid in for stock in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. Section 718 (a) is concerned with money and property paid in. J. W. B. Ladd, the mechanical engineer who helped to improve and develop the scissors, received $50,000 par value common stock of the petitioner for his services. The services, however valuable, are neither money nor property nor is their value known. Upon this basis, therefore, no inclusion within equity invested capital is warranted in respect to Ladd's services since neither money nor property was paid in. *Palomar Laundry,* 7 T. C. 1300.

The basis of property specified by section 718 (a) (2) is the cost of the property under the provisions of section 113 (a), I. R. C.,[2] except

---

[1] SEC. 718. EQUITY INVESTED CAPITAL.

(a) DEFINITION.—The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—

      *        *        *        *        *        *

    (2) PROPERTY PAID IN.—Property (other than money) previously paid in (regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. * * *

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

    *        *        *        *        *        *        *

    (7) TRANSFERS TO CORPORATION.—If the property was acquired—

        (A) after December 31, 1917, and in a taxable year beginning before January 1, 1936, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, or

        (B) in a taxable year beginning after December 31, 1935, by a corporation in connection with a reorganization,

in the instances there specified. It is the respondent's contention that exceptions under section 113 (a) are applicable here. One argument is based upon the proposition that the transfer of assets to petitioner was an intercorporate exchange constituting a reorganization. The transfers to the petitioner occurred in 1930, and the provisions of the Revenue Act of 1928 are applicable thereto. Section 112 (i) (1) (B) of the Revenue Act of 1928 [3] defining a reorganization, is relied upon by respondent. If such a reorganization occurred, there is no recognition of gain or loss to the transferor under the provisions of section 112 (b) (4) of the Revenue Act of 1928.[4]

The assets, good will, and corporate name of the old company were transferred for petitioner's stock on April 28, 1930. Immediately thereafter control of the new company was vested in the stockholders of the old company. One further element required to meet the definition of a reorganization under section 112 (i) (1) (B) is that the transfer must be made by a corporation. The petitioner argues that the transfer of assets could not be made on April 28, 1930, by the old corporation for it went out of existence on April 24, 1930, under the provisions of New York statutes. The exchange of assets for stock was carried out by the liquidating directors of the old corporation and the mere intervention of an agency between old and new corporation does not preclude a reorganization. *Mark Kleeden*, 38 B. T. A. 821. The liquidating directors in this instance were as much a conduit for the delivery of assets as were the stockholders in *Richard H. Survaunt*, 5 T. C. 665, affd. 162 F. 2d 753. There can be little doubt that the stockholders of the old corporation wished to have the manufacture of knives and the new scissors carried on by the same interests under the same trade name. The principal reason for the entire transaction was the exploitation of the scissors patents. The dissolution of the old

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

[3] SEC. 112. RECOGNITION OF GAIN OR LOSS.
(i) DEFINITION OF REORGANIZATION.—As used in this section and sections 113 and 115— (1) The term "reorganization" means * * * (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, * * *

[4] SEC. 112. RECOGNITION OF GAIN OR LOSS.
(b) EXCHANGES SOLELY IN KIND.—
* * * * * * *
(4) SAME—GAIN OF CORPORATION.—No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

company was but a step in the preconceived plan to bring about the manufacture and sale of the knives and new scissors under the name of Bard-Parker. This would be accomplished by taking advantage of the provisions of section 22 of the Stock Corporation Law of New York. By this means the assets, good will, and corporate name of the old company could be retained by the petitioner. The scissors patents could also be obtained from Morgan Parker and exploited as an additional asset.

The parts of a reorganization must be considered as a whole rather than separately. *Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179. For this reason, the transfer of the old company's assets and good will must be deemed to have been made by the corporation within the meaning of section 112 (i) (1) (B) of the Revenue Act of 1928. The respondent must be sustained upon his contention that the transfer of the old corporation's assets for petitioner's stock constituted a reorganization and that the exchange was carried out in pursuance of the plan of reorganization. Applying the provisions of section 112 (b) (4) of the Revenue Act of 1928, no gain or loss is to be recognized on this transfer and the basis of the assets and good will of the old corporation to petitioner, under section 113 (a) (7), I. R. C., is the same as in the hands of the old corporation.

The separate transfer of the scissors patents from Morgan Parker to the petitioner corporation occurred at the same time as the reorganization. Morgan Parker, through Harry B. Arden, transferred the patents on the scissors to the petitioner for $750,000 par value common stock of the petitioner corporation. All the stock was not, however, transferred to Parker but was distributed to other persons and the petitioner's treasury. Morgan Parker received $345,000 par value common shares of the petitioner which constituted less than half the stock issued for the patents. The respondent contends that section 112 (b) (5) of the Revenue Act of 1928 [5] applies to this transaction, and that the situation is similar to that found in *Clyde Bacon, Inc.*, 4 T. C. 1107. Section 113 (a) (8), I. R. C.,[6] would then become applicable to

---

[5] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(b) EXCHANGES SOLELY IN KIND.—

\* \* \* \* \* \* \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation ; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

[6] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\* \* \* \* \* \* \*

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction

this acquisition of property and no gain or loss would be recognized under section 112 (b) (5). The provisions of section 112 (b) (5) require the transferor of the property to be in control [7] of the corporation immediately after the transaction. Morgan Parker, the owner of the patents transferred, did not possess the required 80 per cent ownership of stock in the petitioner to qualify under this provision. Following the reorganization and the transfer of patents to petitioner, Morgan Parker held $907,500 par value common stock of a total of $1,550,000, and he also held $119,475 par value preferred stock of a total of $209,300 par value preferred stock.

The respondent takes the alternative positions that either Parker received the petitioner's stock and directed issuance to the recipients, or, that the persons receiving the shares acquired an interest in them by the 1927 Syndicate Agreement, and the shares were issued for those interests. However, the agreement completing the scissors patents transaction called for the issuance of the stock to the various persons there set forth, in full payments of the patents. The shares were issued, not to Parker nor to persons as his nominee, but to others in their own right, presumably for past services or aid. It cannot be said that Morgan Parker received the stock. *Mojonnier & Sons, Inc.*, 12 T. C. 837. Nor can it be said that the recipients of the stock acquired their interests under the 1927 agreement, for some of the persons who received stock as a result of the transfer of the patents were not parties to that agreement which merely required Parker to convey the patents to the prospective corporation. The respondent's contention must fail in regard to the application of section 112 (b) (5) of the Revenue Act of 1928. Section 113 (a) (8), I. R. C., which is the pertinent provision of the statute with regard to the acquisition of property by the issuance of stock is inapplicable here as an exception to the rule that the cost is the basis of the property.

The cost basis of the patents was the fair market value of the stock issued in exchange therefor. In the absence of other indicia, the value of petitioner's stock must be determined to be the equivalent of the fair market value of the assets for which it was exchanged.

---

described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or

(B) as paid-in surplus or as a contribution to capital,

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

[7] *Revenue Act of 1928.*

SEC. 112. RECOGNITION OF GAIN OR LOSS.

(j) DEFINITION OF CONTROL.—As used in this section the term "control" means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

*Mojonnier & Sons, Inc., supra.* This becomes the cost basis of the patents in the petitioner's hands.

The scissors patents for which the petitioner exchanged $750,000 par value common stock, was the basis for the creation of the new company. The detachable-blade knife invented by Morgan Parker, which also was to be manufactured by the petitioner, had already proved a success in the surgical field. The manufacture and sale of a similar product by the same group under the same corporate name associated with the knives created reasonable prospects of profitable exploitation of the scissors patents. Other patents exploited in the past had proved disappointing, but higher hopes were held for the scissors although no established market existed for them. It was also hoped that the scissors would possess commercial value in other than surgical fields. Considering all the factors, we are of the opinion that the fair market value in 1930 of the scissors patents transferred to petitioner, was $300,000.

The valuation reached is the cost of the property paid in for the stock and as the basis of the property it provides the amounts to be included in equity invested capital.

Reviewed by the Court.

*Decision will be entered under Rule 50.*