**MOORE et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 14106.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1953.

Wm. Bernard Clinton, Dallas, Tex., for petitioner.

Louise Foster, Robert N. Anderson, Special Assts. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Charles W. Davis, Chief Counsel, Bur. Int. Rev., and Wm. D. Crampton, Spl. Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Complaining of the decisions [1] of the tax court disallowing,[2] under Sec. 24(b) (1) (B), I.R.C., 26 U.S.C.A. § 24(b) (1) (B), claimed losses on an exchange of properties with a corporation of which they became sole stockholders simultaneously with consummation of the exchange, and determining deficiencies in income and victory taxes for the year 1943 accordingly, petitioners are here insisting that the decisions are erroneous and must be reversed.

Two grounds for reversal are put forward. One goes to the substance of the decisions. It is that, under the facts as stipulated and as found by the tax court, while the exchange of the properties was not fully carried out until 1943, when title to the properties finally passed, petitioners became sole owners of the corporation, and the loss occurred, the contract for the exchange was made, and, for the purpose of the invoked statute, the exchange occurred in 1942, when the binding contract for it was made and appellants were only part owners of the corporation.

The other is procedural in nature. It is that, as section 24(b) was not specifically mentioned in the deficiency notice, in counsel's opening statement, or in the course of the trial, but only in his brief, and the case was tried below on the commissioner's theory "that the transaction in this particular year was not a taxable transaction", the issue on which the tax court decided the case was not properly before it.[3]

In further support of this point, petitioners insist that if they had been apprised before or even during the hearing that this issue was to be put forward and relied on, they could and would have offered additional evidence supporting their view that the transaction was not within the prohibition of Sec. 24(b).

The respondent, vigorously opposing these views, relies, as a complete and effective answer to the first ground, upon the tax court's opinion [4] clearly pointing up the predicament in which the taxpayers find themselves when, trying to eat their cake and have it too, they stand with one foot in 1942, the other in 1943, to one year constant never.

In opposition to petitioners' second point, respondent points to petitioners' brief in the tax court which, claiming neither surprise nor disadvantage and asking neither

---

1. Officially reported 17 T.C. 1030.

2. "Sec. 24. Items Not Deductible.

    *     *     *     .*     *

    "(b) Losses from sales or Exchanges of property

    "(1) Losses disallowed. In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

    *     *     *     *·     *

    "(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual; * * *."

3. In support, petitioners cite:
    General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Mertens "Law of Federal Income Taxation", Sec. 50.46. Cf. contra, Anderson v. Commissioner, 2 Cir., 156 F.

2d 591; Hay v. Commissioner, 4 Cir., 145 F.2d 1001, 160 A.L.R. 548.

4. "The only theory on which petitioners can claim a loss for 1943, the single year in issue, is that their transfer of the Crane overrides to the corporation, which they say gave rise to the loss, was postponed pending completion of the other phases of The Crane assignment, took place in 1942 but the escrow was in effect until the following March when the final cash payment and other details were consummated.

    "However, one of the matters covered by the escrow, and which resulted from its completion, was petitioners' acquisition of the remaining stock of the corporation. If the effectiveness of the Crane assignment is held in abeyance by reason of the escrow, the result is a transfer to a wholly-owned corporation, any loss from which is disallowed by the express terms of Section 24(b), Internal Revenue Code."

for the reopening of the hearing or other relief, meets the new issue squarely and head on and apparently to the satisfaction of the petitioners.

In addition, respondent insists that all material facts have already been fully developed and that nothing could be gained by returning the cause to the tax court for further testimony.

We agree with the respondent that the procedural point is without merit. This is because the time for petitioners to have made it was when the matter was first raised below. It is because, too, the record as made below already contains all matter material to the issue. The five additional items of evidence which they say they can and will offer on a rehearing are either already sufficiently disclosed in the record or are without real bearing on the determination of the issue.

■ We agree with him, too, that on the merits petitioners stand no better. As the tax court, in its opinion pointed out, the transaction must be viewed consistently. Either the sale or exchange occurred in 1942, when the hard and fast arrangements were made and the loss must have been claimed in that year, or it occurred in 1943, when the matter was closed and when in every realistic sense of the word the two brothers, by virtue of and pursuant to the contract, owned and controlled the company.

As the tax court correctly pointed out, W. A. Drake, Inc., v. Commissioner, 10 Cir., 145 F.2d 365, is not at all of a contrary import. What the statute aimed at and what it hit was the confection and carrying out as here of a sale at a loss taxwise when, because of ownership or control, there was no real sale and no real loss in the sense of a parting with real ownership and control of the property, the subject of the transaction. There was only a shifting from one pocket to another, only a washing of one hand by another. As the tax court quite properly held, one of the purposes of Sec. 24(b) was to prevent exactly this sort of thing.

The decisions were right. They are affirmed.