Royal **LITTLE** et al., Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 5536.

United States Court of Appeals First Circuit.

Heard Oct. 8, 1959.

Decided Jan. 15, 1960.

Walter F. Gibbons, Providence, R. I., Armstrong, Gibbons & Lodge, Providence, R. I., on the brief, for petitioners.

David O. Walter, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., on the brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition for review of a decision of the Tax Court of the United States, 31 T.C. 607, which determined a deficiency in income tax against the petitioners.

Petitioners Royal Little and Augusta W. E. Little are husband and wife who filed a joint return for the calendar year 1950. The sole concern on review is the Tax Court's determination in respect to a deduction claimed by petitioners for a loss sustained in 1950. The transaction which led to this claim of deduction was shown in the record as follows. On February 15, 1949 petitioner Augusta W. E. Little acquired at a cost of $100,000 a note of American Associates, Inc. in the principal sum of $100,000 bearing interest at the rate of 6%, due May 31, 1955. On September 22, 1950 American Associates made an offer to its note holders "to exchange for its outstanding notes shares of Common Stock of Textron Incorporated." Petitioner, Augusta W. E. Little, accepted the offer on September 26, 1950 and received 6,000 shares of Textron Incorporated common stock. The value of the stock received was stipulated to be $81,750. The Commissioner in determining the deficiency of petitioners held that the transaction "did not result in loss deductible under the provisions of Section 23 of the Internal Revenue Code."

Petitioners in their petition to the Tax Court for redetermination of the deficiency alleged "The Commissioner erroneously determined that the acceptance by petitioner * * * of * * * shares * * * with a fair market value of $81,750.00 * * * did not result in a loss deductible under the provisions of Section 23 of the Internal Revenue Code of 1939, and erroneously failed to determine that the loss so sustained in the amount of $18,250.00 was deductible as an ordinary loss sustained in a transaction entered into for profit." The petition stated that the petitioners relied on the facts of the transaction as resulting "in a loss sustained on a transaction entered into for profit deductible in full as an ordinary loss under the provisions of Section 23(a)(2) of the Internal Revenue Code of 1939 * * *. Alternatively, petitioners allege that [it] * * * resulted in a loss sustained on the worthlessness of a debt deductible under the provisions of Section 23(k)(1) of the Internal Revenue Code of 1939." [1] The Commissioner in his answer admitted the acquisition of the note and its cost and denied the other allegations.

1. "§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:
   *   *   *   *   *
   "(e) *Losses by individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—
   *   *   *   *   *
   "(2) if incurred in any transaction entered into for profit, though not con-

It was stipulated by the parties that "throughout the calendar year 1950 more than 50% in value of the outstanding stock of American Associates, Inc. was owned directly by or indirectly by or for Augusta W. E. Little" and that "at all times pertinent herein American Associates, Inc. was solvent and capable of meeting its obligations." Trial was held on the merits. Respondent thereafter filed a brief and later petitioners filed their brief and a reply brief. The opinion was filed December 29, 1958 and decision entered February 17, 1959.

The Tax Court in its opinion stated that "The Commissioner, in disallowing

the loss * * * is not limited, as the petitioners try to limit him, to the question of whether or not section 24(b) applies." It then went on to uphold the determination of nondeductibility on the ground that the meager record did not justify a holding that petitioners sustained a deductible loss of $18,250 on the surrender of the $100,000 note.

Petitioners contend that respondent conceded in his brief that the basis of the determination by the Commissioner was an application of Section 24(b) of the Internal Revenue Code of 1939 [2] and that this was the understanding of the parties on which the case was tried and

nected with the trade or business; or * * *"
Int.Rev.Code of 1939, § 23(e) (2), ch. 1, 53 Stat. 12 (1939), 26 U.S.C.A. § 23(e) (2).
"§ 23. * * *
"(k) *Bad debts.*
"(1) *General rule.* Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. This paragraph shall not apply in the case of a taxpayer, other than a bank, as defined in section 104, with respect to a debt evidenced by a security as defined in paragraph (3) of this subsection. This paragraph shall not apply in the case of a taxpayer, other than a corporation, with respect to a non-business debt, as defined in paragraph (4) of this subsection." Int.Rev.Code of 1939, § 23(k) (1) as amended, ch. 619, § 124, 56 Stat. 820 (1942).

2. "§ 24. *Items not deductible*
* * * * *
"(b) *Losses from sales or exchanges of property*
"(1) *Losses disallowed.* In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—
"(A) Between members of a family, as defined in paragraph (2) (D);
"(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;

"(C) Except in the case of distributions in liquidation, between two corporations more than 50 per centum in value of the outstanding stock of each of which is owned, directly or indirectly, by or for the same individual, if either one of such corporations, with respect to the taxable year of the corporation preceding the date of the sale or exchange was, under the law applicable to such taxable year, a personal holding company or a foreign personal holding company;
"(D) Between a grantor and a fiduciary of any trust;
"(E) Between the fiduciary of a trust and the fiduciary of another trust, if the same person is a grantor with respect to each trust; or
"(F) Between a fiduciary of a trust and a beneficiary of such trust.
"(2) *Stock ownership, family, and partnership rule.* For the purposes of determining, in applying paragraph (1), the ownership of stock—
"(A) Stock owned, directly or indirectly, by or for a corporation, partnership, estate, or trust, shall be considered as being owned proportionately by or for its shareholders, partners, or beneficiaries;
"(B) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family;
"(C) An individual owning (otherwise than by the application of subparagraph (B)) any stock in a corporation shall be considered as owning the stock owned, directly or indirectly, by or for his partner;
"(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; and
"(E) Constructive ownership as actual ownership.—Stock constructively owned

argued. Petitioners further contend that, therefore, the deficiency notice was limited to the Section 24(b) issue, and on any other theory the Commissioner had the burden of proof. Consequently the petitioners say that the Tax Court's decision on the basis of a too meager showing of any loss sustained is error. Petitioners also contend that Section 24(b) is not applicable to the instant transaction and that irrespective of the burden of proof the stipulated facts are sufficient to make a prima facie case of deductible loss.

Respondent contends that it was proper for the Tax Court to consider the lack of showing of a loss as a ground for supporting the Commissioner's determination, since the cases hold that it is immaterial that the Commissioner proceeded on the wrong theory. Respondent also contends that the issue was open since it was within the scope of the deficiency notice and the pleadings, and the alleged concession in the respondent's brief was not so explicit as to remove the issue of the actual sustaining of a loss from the proper consideration of the Tax Court.

■ There are several procedural rules that have been cited to us by the parties as bearing on the question of the Tax Court's decision. Petitioners rely on a rule that the Commissioner when he "departs from the grounds relied on in his deficiency notice to sustain a theory later raised * * * has the burden of proving any new matter raised." Thomas Wilson, 1956, 25 T.C. 1058, 1066. See also W. H. Weaver, 1959, 32 T.C. 411; Leland D. Payne, 1958, 30 T.C. 1044, affirmed 5 Cir., 1959, 268 F.2d 617; Arthur Sorin, 1958, 29 T.C. 959; Vincent C. Campbell, 1948, 11 T.C. 510. Cf. C. D. Spangler, 1959, 32 T.C. 782. The Tax Court found that in the deficiency notice

the Commissioner did not rely only on Section 24(b). The notice which is in the record clearly shows that the Commissioner stated that the claimed item was not deductible under Section 23, which is the basic section authorizing deductions. Therefore the above cited rule is not applicable to the instant case.

■ The petitioners urge, however, that respondent's brief before the Tax Court contained a concession that the determination of the Commissioner was on the basis of Section 24(b). From the excerpt of that brief we are inclined to regard it as so conceding. However, we do not believe this concession in any way alters the sufficiency of the deficiency notice to encompass the issue of sustaining a loss or requires the Commissioner to bear the burden of proof under an application of the above mentioned procedural rule. Nor do we believe that the statement in the brief is effective in removing all issues other than the applicability of Section 24(b) from the case. Cf. Lenox Clothes Shops v. Commissioner of Internal Revenue, 6 Cir., 1943, 139 F. 2d 56; Shanley v. Bowers, 2 Cir., 1936, 81 F.2d 13; Joseph C. Stehlin, 1954 T.C. Mem. ¶ 54,070; Security First Nat. Bank of Los Angeles, Executor, 1933, 28 B.T.A. 289; Peaslee-Gaulbert Co., 1928, 14 B.T.A. 769. In the same brief that contains the statement relied on by petitioners the respondent explicitly argued other points arising under Section 23. The statement was not to be taken as a concession removing all other issues from the case.

■ From the excerpt set forth in the record of the Commissioner's brief before the Tax Court, it appears that although the Commissioner argued points concerning Section 23, he did not argue the point of no loss being sustained by petitioners. Therefore this is a point which the Tax Court raised on its own

by a person by reason of the application of subparagraph (A) shall, for the purpose of applying subparagraph (A), (B), or (C), be treated as actually owned by such person, but stock constructively owned by an individual by reason of the application of subparagraph (B) or (C)

shall not be treated as owned by him for the purpose of again applying either of such subparagraphs in order to make another the constructive owner of such stock. * * *"

Int.Rev.Code of 1939, § 24(b), ch. 1, 53 Stat. 16 (1939), 26 U.S.C.A. § 24(b).

motion to dispose of the question of deductibility. The Tax Court has this power. Gowran v. Commissioner, 7 Cir., 1936, 87 F.2d 125 reversed on other grounds, sub. nom. Helvering v. Gowran, 1937, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224. See Friednash v. Commissioner of Internal Revenue, 9 Cir., 1954, 209 F.2d 601; Rhodes v. Commissioner of Internal Revenue, 4 Cir., 1940, 111 F.2d 53.

The respondent has cited us several cases which state that, for affirmance, if the decision of the Commissioner or Board is correct then the reason given is immaterial. Helvering v. Gowran, supra; Bernstein v. C. I. R., 5 Cir., 1959, 267 F.2d 879; Rhodes v. Commissioner, supra; Mary F. Wenger, 1940, 42 B.T.A. 225, affirmed 6 Cir., 1942, 127 F.2d 523; Raoul H. Fleischmann, 1939, 40 B.T.A. 672. The Court of Appeals for the Fourth Circuit in the Rhodes case, supra, stated that this rule has "one important qualification, and that is, that if the new issue or theory advanced * * * involves any new question of fact, the case should be sent back to the lower court so that the adverse party may have the opportunity to establish any facts which might affect the result." 111 F.2d at page 57.

This qualification to the general rule which allows affirmance on a theory not advanced prior in the litigation is based quite evidently on the ground that the adverse party has not had the opportunity to introduce evidence which he has available on this point and would have introduced if he had realized that the point was disputed. See Helvering v. Gowran, supra; Booth Fisheries Co. v. Commissioner of Internal Revenue, 7 Cir., 1936, 84 F.2d 49; Theatre Concessions, Inc., 1958, 29 T.C. 754. Cf. Moore v. Commissioner of Internal Revenue, 5 Cir., 1953, 202 F.2d 45. The Booth Fisheries case is the most applicable to petitioners' contention. In that case the court stated: "[I]t would be manifestly unfair to the taxpayers, if they be otherwise entitled to credit for such loss, to deny their claim on the basis of their failure to prove a loss before the Board when no active controversy had arisen about the actual loss, but only with the right to claim such loss as a deduction. * * * To invoke such asserted failure of the taxpayers when lulled into believing that the Commissioner was conceding their claimed loss would involve a technicality which we cannot approve." 84 F.2d at page 51.

■ In the instant case we believe that petitioners may well have been surprised by the Tax Court's reliance on a ground not previously in active litigation, although in issue by the deficiency notice and the pleadings. But the prejudice to petitioners is lacking in this case since petitioners have admitted on oral argument before us that they could not add anything to the record on this point. In view of this concession, the surprise was harmless error, and we believe that the cases which allow decision by the Tax Court on a ground raised at or after hearing where the pertinent facts are in the record apply here. Moore v. Commissioner of Internal Revenue, supra; Bard-Parker Co., 1952, 18 T.C. 1255, affirmed 2 Cir., 1954, 218 F.2d 52; Standard Oil Co. 1941, 43 B.T.A. 973, affirmed 7 Cir., 1942, 129 F.2d 363.

■ On the issue of lack of proof that the petitioners sustained a loss, we agree with the Tax Court that, in view of the disclosed relationship between petitioners and American Associates, Inc., the record is insufficient to show that a loss was sustained by petitioners in the transaction, rather than that a contribution was made by petitioners to a corporation in which they had an interest. The uncertainty as to various facts which is mentioned by the Tax Court, and which petitioners contend is irrelevant, we regard as merely pointing up the essential lack of any showing of loss sustained in the record. Since petitioners concede that they can offer no evidence to remedy this lack, it is unnecessary to remand the case.

In view of the absence of prejudicial error in the decision of the Tax Court,

it is unnecessary for us to decide the applicability of Section 24(b) to the stipulated facts.

Judgment will be entered affirming the decision of the Tax Court.